**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISON**

| | | |
|---|---|---|
| Diane Seifert, | ) | **CASE NO. 1:25 CV 2200** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| Eat'n Park Hospitality Group, Inc., et al., | ) | |
| | ) | **Memorandum Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendants' Motion To Compel Discovery Responses and for Sanctions Pursuant to Fed. R. Civ. P. 37. (Doc. 14.) This is an employment discrimination case. For the reasons that follow, Defendants' Motion To Compel Discovery Responses and for Sanctions Pursuant to Fed. R. Civ. P. 37 is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

In her amended complaint, plaintiff Diane Seifert ("Plaintiff"), alleges that she worked as an employee of Defendants until her termination in September 2024. She further alleges that Defendants knew during her employment that she was developmentally challenged, cognitively impaired and disabled. According to Plaintiff, before September 2024, she was never subject to any discipline or accused of any misconduct. On September 19, 2024, however, Plaintiff was suspended for allegedly saying the word "nigger" in the presence of a co-worker. Plaintiff denies saying the word. Moreover, Plaintiff alleges that other persons employed by Defendants uttered that word without any investigation or discipline and that African-American and non-white co-workers of Plaintiff

employed by Defendants called and referred to Plaintiff as a "retard" without suffering or experiencing any investigation or discipline from Defendants.

Plaintiff alleges that her termination violated Title VII of the Civil Rights Act of 1964, the American with Disabilities Act, and Ohio law. She seeks back pay and front pay, compensatory damages, emotional distress damages, punitive damages, and pre-judgment and post-judgment interest.

On February 27, 2026, Defendants filed the instant Motion To Compel Discovery Responses and for Sanctions Pursuant to Fed. R. Civ. P. 37. Plaintiff opposes the motion.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 26(b)(1) sets forth the permissible scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[T]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). After making a good faith attempt to resolve a dispute, a party may file a motion to compel discovery under Rule 37 of the Federal Rules of Civil Procedure or a motion if it believes another party has failed to respond to discovery requests or that the party's responses are evasive or incomplete. Fed. R. Civ. P. 37(a). Similarly, a party who believes that a response or objection to a request for admission is insufficient may file a motion pursuant to Rule 36(a)(6), requesting that the court determine the sufficiency of the answer or objection. Fed. R. Civ. P. 37(a). In ruling on such motions, a trial court has broad discretion in determining the scope of discovery. *Lewis*, 135 F.3d at 402.

**DISCUSSION**

Defendants first challenge Plaintiff's refusal to provide underlying factual information, including the names and identifies of potential witness, to Interrogatories Nos. 5–8 and Requests for Productions ("RFP") Nos. 1–5, 7–8, 20–23, 25–26, and 29. Plaintiff maintains that this information is protected by the work product privilege. This Court disagrees. The underlying factual information that Defendants seek is not covered by the work product doctrine. *Roa v. Tetrick*, 2014 WL 695961, at *5 (S.D. Ohio Feb. 24, 2014) ("While the work product doctrine protects both tangible and intangible things and documents, it does not protect the disclosure of underlying facts, regardless of who obtained those facts." (citation omitted)); *Biondi v. Jaguar Land Rover N. Am., LLC*, 2023 WL 6214513, at *2 (N.D. Ohio Sept. 25, 2023) ("The work-product privilege protects materials prepared in anticipation of litigation from discovery. It does not, however, protect the disclosure of underlying facts, even if the same information is contained in work product."). Accordingly, Plaintiff is ordered to provide any underlying factual information in her possession, including the names and identifies of potential witness, that is responsive to Interrogatories Nos. 5–8 and/or RFP Nos. 1–5, 7–8, 20–23, 25–26, and 29.

Next, Defendants claim that Plaintiff has improperly withheld relevant information by refusing to execute Defendants' requested healthcare authorization release. This Court agrees with Defendants that information sought through Interrogatory No. 1 is relevant to Plaintiff's claims here. *E.g.*, *McMullen v. Rsrvs. Network, Inc.*, 2013 WL 395501, at *1 (N.D. Ohio Jan. 31, 2013) ("Plaintiff apparently offered to provide medical records which solely related to Plaintiff's depression/stress/anxiety since 2008 and her miscarriage. However, Defendant counters that it is entitled to all of Plaintiff's 2008–present medical records from all providers in order to show

3

alternate causes for the claimed emotional distress, pain and suffering. It is well settled that a plaintiff waives any privilege by putting her medical or mental condition at issue. That waiver includes making [emotional] distress claims in an employment discrimination lawsuit."). The Court notes that the healthcare authorization release form provided by Defendants to this Court does not contain language limiting the request to the relevant time period (Doc. 14-5 (Ex. E)), but Plaintiff is ordered to execute a healthcare authorization release limited to information from January 2020 through the present, which is consistent with Interrogatory No. 1.

Defendants then claim that Plaintiff has failed to provide a signed verification to her interrogatory responses. Plaintiff does not address this failure in her opposition brief. Plaintiff is ordered to sign her responses pursuant to Federal Rule of Civil Procedure 33(b)(5).

Additionally, Defendants seek "[a]ny and all diaries, calendars, appointment books, message pads, telephone log books, journals, and notebooks maintained or saved by [Plaintiff] from January 1, 2020 to the present referring, reflecting, or relating to [Plaintiff's] employment with Defendants, subsequent employment, or [Plaintiff's] allegations in the First Amended Complaint." (RFP No. 28.) Plaintiff also fails to address this issue in her opposition brief. In any event, the Court finds that this information is relevant and Plaintiff is ordered to respond to RFP No. 28.

Last, Defendants seek Plaintiff's taxes from the year 2020 and earnings records from her current employer. Plaintiff fails to articulate any legitimate reason for withholding these records. In any event, this Court finds these records to be plainly relevant to Plaintiff's claims here. *McMullen v. Rsrvs. Network, Inc.*, 2013 WL 395501, at *3 (N.D. Oh. Jan. 31, 2013) ("Plaintiff has waived any interest in her earnings history by making a claim for economic damages."). Thus, Plaintiff is ordered to provide Defendants with her taxes from 2020 and earnings records from her current employer.

For all the aforementioned reasons, Defendants' Motion To Compel Discovery Responses is GRANTED IN PART consistent with this opinion. Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 is DENIED. Federal Rule of Civil Procedure 37(a)(5); *Canter v. Alkermes Blue Care Elect Preferred Provider Plan*, 2019 WL 1760175, at *2 (S.D. Ohio Apr. 22, 2019) ("A court has discretion under Fed. R. Civ. P. 37(a)(5)(C) as to whether to apportion reasonable expenses for a motion to compel that is granted in part and denied in part."), *report and recommendation adopted by* 2019 WL 2124471 (S.D. Ohio May 15. 2019).

**<u>CONCLUSION</u>**

For all the aforementioned reasons, Defendants' Motion To Compel Discovery Responses and for Sanctions Pursuant to Fed. R. Civ. P. 37 (Doc. 14) is GRANTED IN PART and DENIED IN PART. Plaintiff shall provide the ordered discovery within 10 days.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge

Date: 3/6/26

5