**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISON**

| | | |
|---|---|---|
| Diane Seifert, | ) | **CASE NO. 1:25 CV 2200** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| Eat'n Park Hospitality Group, Inc., et al., | ) | |
| | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court on three separate discovery-related motions filed by defendants Eat'N Park Hospitality Group, Inc. and Parkhurst Dining, LLC (together, "Defendants"): (1) Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 (Doc. 20); (2) Defendants' Motion for Protective Order Related to 30(b)(6) Topics (Doc. 21); and (3) Defendants' Second Motion to Compel Discovery Responses, Second Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 (Doc. 23). This is an employment discrimination case. For the reasons that follow, Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 37  is GRANTED IN PART and DENIED IN PART; Defendants' Motion for Protective Order Related to 30(b)(6) Topics is GRANTED IN PART and DENIED IN PART; and Defendants' Second Motion to Compel Discovery Responses, Second Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

As articulated in this Court's recent Memorandum Opinion and Order concerning another discovery motion filed by Defendants, plaintiff Diane Seifert ("Plaintiff") brought this lawsuit after Defendants terminated her employment in September 2024. She alleges that Defendants knew during her employment that she was developmentally challenged, cognitively impaired, and disabled. She further alleges that before September 2024, she was never subject to any discipline or accused of any misconduct. On September 19, 2024, however, Plaintiff was suspended for allegedly using a racial slur in the presence of a co-worker. Plaintiff denies saying the word. Moreover, Plaintiff alleges that other persons employed by Defendants uttered the same word without any investigation or discipline and African-American and non-white co-workers of Plaintiff employed by Defendants called and referred to Plaintiff as a "retard" without suffering or experiencing any investigation or discipline from Defendants.

Plaintiff alleges that her termination violated Title VII of the Civil Rights Act of 1964, the American with Disabilities Act, and Ohio law. She seeks back pay and front pay, compensatory damages, emotional distress damages, punitive damages, and pre-judgment and post-judgment interest.

Both sides have represented to this Court that the parties' fact discovery efforts have been fraught with disagreements and disputes. On February 27, 2026, Defendants filed an initial Motion to Compel Discovery Responses and for Sanctions Pursuant to Fed. R. Civ. P. 37. The Court granted that motion in part. Now, Defendants have filed two additional motions for sanctions and a motion for protective order. Plaintiff opposes one of the motions for sanctions and the motion for a protective

2

order but failed to file any opposition to the later-filed motion to compel and for sanctions. The Court will address each motion in turn.

### A. Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 37

Pursuant to Rule 37(b)(2)(C), Defendants ask this Court to impose sanctions on Plaintiff for her failure to follow this Court's March 6, 2026 Order. In that Order, the Court directed Plaintiff to (1) execute a healthcare authorization release limited to information from January 2020 through the present and (2) provide Defendants with her taxes from 2020 and earnings records from her current employer. Although Defendants' present motion is labeled as a motion for sanctions only, the substance of the motion seeks to compel certain discovery in addition to sanctions.

First, Defendants seek the names of "health care providers" who treated Plaintiff from January 1, 2020, through the present. In their reply brief, Defendants represent that Plaintiff has now provided this information. Accordingly, any motion to compel this information is denied as moot. Further, given the record before it, this Court does not find that sanctions are warranted under Rule 37(b)(2)(C) for this information. Despite Defendants' representations in its motion, this Court's March 6, 2026 Order did not explicitly direct Plaintiff to identify any healthcare providers because that was not an issue Defendants raised in their initial motion.[1] The Court's Order was limited to Plaintiff's execution of the healthcare authorization release, which Plaintiff did sign.

Second, Defendants ask this Court to compel Plaintiff to produce her earning statements from her current employer from January 2025 through December 27, 2025. In its March 6, 2026 Order,

---

[1] In fact, even Defendants' proposed order for their motion asked this Court to order Plaintiff to "Execute and produce a Healthcare Authorization Release served on February 13, 2026 and attached to Defendants' Motion as Exhibit E for each of Ms. Seifert's healthcare providers."

this Court directed Plaintiff to provide Defendants with her taxes from 2020 and earnings records from her current employer in response to Defendants' Request for Production No. 32, which specifically requested "[a]ll W-2 forms, payroll stubs, Form 1099s, and other records of earnings relating to [Plaintiff] for the tax years 2020 to the present that are unrelated to income from her position with Parkhurst Dining, LLC." While Plaintiff has now provided her taxes and some of her earning statements for the requested period, she has failed to provide the full set of documents. In response to Defendants' motion, Plaintiff offers no objection to this information and merely confirms that she has provided earning statements only from December 27, 2025, through the present. Within 10 days of this Order, Plaintiff shall provide Defendants any additional earning statements between January 2025 and December 27, 2025, that are in her possession.

Further, given Plaintiff's failure to follow this Court's previous order, Defendants are entitled to their reasonable attorney's fees and costs incurred pursuing Plaintiff's remaining earning statements. Fed. R. Civ. P. 37(b)(2)(C). Within 14 days, Defendants shall submit a petition for fees and costs limited to their attempts to obtain this specific information from March 6, 2026, through the filing of the instant motion.[2]

### B.  Defendants' Motion for Protective Order Related to 30(b)(6) Topics

Rule 26 of the Federal Rules of Civil Procedure permits courts to issue a protective order, if justice requires and to protect individuals from "annoyance, embarrassment, oppression, or undue burden or expense" Fed. R. Civ. P. 26(c). "The burden of establishing good cause for a protective

---

[2] Rule 37(b)(2)(C) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . .  the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

4

order rests with the movant." *Nix v. Sword*, 2001 WL 599707, at \*2 (6th Cir. May 24, 2001). "'To show good cause, a movant for a protective order must articulate specific facts showing "clearly defined and serious injury" resulting from the discovery sought and cannot rely on mere conclusory statements.'" *Id.* (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987) (further citations omitted)).

Here, Defendants represent that the parties engaged in substantial negotiations over the topics Plaintiff could cover in a deposition of Defendants' Rule 30(b)(6) representative. According to Defendants, the parties had nearly agreed on the list of topics when Plaintiff unilaterally "reneged" and submitted a notice with several previously stricken or refined topics. Defendants ask this Court to issue a protective order, preventing Plaintiff from asking questions at the 30(b)(6) deposition that are beyond the topics in Defendants' last-approved list. Defendants claim the expanded scope of topics is irrelevant and/or unduly burdensome.

Plaintiff counters that she only "reneged" on the scope of the agreed topics after finding reason to believe that Defendants' disciplinary policies and procedures are similar, or the same, across locations and that personnel other than local managers play a role in determining disciplinary actions across locations. Plaintiff offers no other justification for expanding the topics.

Accordingly, Defendants' Motion for a Protective Order Related to 30(b)(6) Topics is GRANTED IN PART and DENIED IN PART as follows:

(1) Questions related to Topic 5 shall adhere to the previously agreed-upon language limiting questions to training concerning hourly-compensated union employees within the same district as the John Carroll University account. Plaintiff offers no justification as to how training of non-hourly, non-union employees located outside of the cafeteria

where she worked is relevant to her claims. In fact, Plaintiff concedes that unionized employees were subject to different "additional" policies than non-unionized employees.

(2) Questions related to Topics 7, 8, and 10 may be asked to the extent there exist relevant corporate-level policies, procedures, rules, and training. Defendants may disagree with Plaintiff's understanding of their disciplinary decision-making, but this Court cannot say at this juncture that the information Plaintiff seeks is wholly irrelevant. *See Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 751 (6th Cir. 2012) ("[Plaintiff] was not required to demonstrate an exact correlation between himself and others similarly situated; rather, he had to show only that he and his proposed comparators were similar in all relevant respects and that he and his proposed comparators engaged in acts of comparable seriousness. . . . Whether it is relevant in a particular case that employees dealt with the same supervisor depends on the facts presented." (citations omitted)). Further, the potential relevancy of this information outweighs any burden imposed on Defendants or their Rule 30(b)(6) representative.

(3) Questions related to Topic 13 shall adhere to the previously agreed-upon language limiting questions to the protected classes of race, color, or disability. Plaintiff offers no justification as to how classes beyond these are relevant to her claims.

(4) Questions related to Topic 14 shall adhere to the previously agreed-upon language limiting questions to performance reviews concerning hourly-compensated union employees. Plaintiff offers no justification as to how this information pertaining to non-hourly, non-union employees is relevant to her claims.

6

(5) Questions related to Topic 16 shall adhere to the previously agreed-upon language limiting questions to policies for investigations concerning hourly-compensated union employees. Plaintiff offers no justification as to how this information pertaining to non-hourly, non-union employees is relevant to her claims. Questions related to Topic 16 may otherwise be asked to the extent there exist relevant corporate-level policies, procedures, rules, and training.

(6) Questions related to Topic 18 shall adhere to the previously agreed-upon language limiting questions to charges or lawsuits in which a finding of discrimination was made. Plaintiff offers no explanation as to how charges or lawsuits without such a finding are relevant to her claims. Questions related to Topic 18 may otherwise be asked.

### C. Defendants' Second Motion to Compel Discovery Responses, Second Motion for Sanctions Pursuant to Fed. R. Civ. P. 37

Although labeled as a "second motion," Defendants' third motion to compel and for sanctions seeks various discovery from Plaintiff. This motion is unopposed. Having reviewed the unopposed motion, this Court finds that Defendants are entitled to the discovery they seek. Within 10 days of this Order, Plaintiff shall provide the following discovery to Defendants:

(1) Respond to Defendants' First Set ROG No. 14, including providing an executed verification to Plaintiff's responses;

(2) respond to First Set RFP Nos. 1, 4–5, 7-8, 20, and 25 by identifying which documents have been provided in relation to the requests;

(3) respond to Defendants' Second Set of ROGs, including providing an executed verification to Plaintiff's responses;

(4) produce any documents responsive to Defendants' Second Set RFP Nos. 1–2;

(5) produce any documents responsive to Defendants' Second Set RFP No. 3;

(6) produce any documents responsive to Defendants' request for information in the book used by Plaintiff's support service professionals that relate to the allegations in the First Amended Complaint;

(7) produce any documents responsive to Defendants' request for flip phone records that relate to the allegations in the First Amended Complaint; and

(8) amend Plaintiff's responses to the Defendants' Third Set of ROGs to sufficiently respond to them, including providing an executed verification to Plaintiff's responses.

Having reviewed the record before it, however, this Court does not find that Defendants are entitled to sanctions on this motion because it is not apparent that Defendants satisfied their requirement under Rule 37 to meet and confer in good faith before filing the instant motion. Fed. R. Civ. P. 37(a)(5)(A) (directing the court to order expenses unless "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"). For example, Defendants claim they discovered at Plaintiff's deposition that she owns a phone (a flip phone) contrary to earlier representations. That deposition took place on March 26, 2026. On March 30, 2026, Defendants sent a letter to Plaintiff giving her one day to "confirm . . . whether there are any call logs on [the flip phone] phone from January 1, 2020 to the present related to the allegations in the First Amended Complaint[.]" Defendants represent that Plaintiff never responded to that initial letter, but they do not claim to have had or attempted to have any other communication specifically

seeking this information.[3] The same is true for Defendants discovery request related to the "book" used by Plaintiff's support services team. [4]

Under Rule 37, "movants who fail to confer with opposing counsel before filing motions to compel forfeit their right to reimbursement for the costs of their motion, should they prevail." *Fluker v. Dunn*, 2024 WL 479597, at *3 (E.D. Mich. Feb. 7, 2024). Nevertheless, the Court will consider sanctions should Plaintiff fail to respond timely to the specific discovery outlined in this Order.

**CONCLUSION**

Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 (Doc. 20) is GRANTED IN PART and DENIED IN PART. Within 10 days of this Order, Plaintiff shall provide Defendants any additional earning statements between January 2025 and December 27, 2025, that are in her possession. Further, Defendants are entitled to their reasonable attorney's fees and costs incurred pursuing Plaintiff's remaining earning statements. Within 14 days, Defendants shall submit a petition for fees and costs limited to their attempts to obtain this specific information from March 6, 2026, through the filing of the instant motion. Defendants' Motion for Protective Order Related to 30(b)(6) Topics (Doc. 21) is GRANTED IN PART and DENIED IN PART. Defendants' Second Motion to Compel Discovery Responses, Second Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 (Doc. 23)

---

[3] Defendants do represent that they had one call on April 10, 2026 (11 days before they filed a motion to compel) but they do not provide any specifics about this call, such as whether the parties discussed this specific discovery request and, if so, Plaintiff's response or position.

[4] This is especially concerning given the Court's express recommendation at the April 16, 2026 status conference that the parties schedule an in-person meet and confer to address their numerous documented discovery issues. After the status conference, Defendants filed two of the instant discovery-related motions without any representation that they even attempted to meet and confer in person with Plaintiff.

is GRANTED IN PART and DENIED IN PART. Plaintiff shall provide the ordered discovery within

10 days.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge

Date: 5/1/2026